UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS ANTHONY WILBON,
162532,
        Plaintiff,

v.                                                                   CASE NO.  13-14404
                                                                     HONORABLE VICTORIA A. ROBERTS
MICHIGAN DEPARTMENT OF
CORRECTIONS, CORIZEN CORP.,
WARDEN KLEE, ANIL PRASSAD, M.D.,
*et al.,*

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S APPLICATION
## TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS
## AND
## DISMISSING THE COMPLAINT WITHOUT PREJUDICE

### I. Introduction

Plaintiff Louis Anthony Wilbon is a state prisoner at the Charles Egeler Reception and Guidance Center in Jackson, Michigan.  He recently filed a *pro se* civil rights complaint alleging that he is disabled and that, as a direct result of exposure to a contagious disease, he suffers from numerous serious medical issues and is now legally blind, confined to a wheel chair, and hearing-impaired.

The defendants are:  the Michigan Department of Corrections; a medical provider identified as Corizen, Corp.; a prison warden identified only as "Klee;" Anil Prassad, M.D.; and several unnamed individuals employed by the Michigan Department of Corrections at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan.  The unidentified individuals are a deputy warden, two correctional officers, a residential unit

manager, an assistant residential supervisor, a physician's assistant, and a registered nurse.

The complaint alleges that, in 2011, Plaintiff was transferred from Duane Waters Hospital in Jackson, Michigan to ARF where correctional officials placed him in a cell and bunk previously occupied by a prisoner infected with a contagious disease known as MRSA.  Health professionals subsequently diagnosed Plaintiff with MRSA, but on October 5, 2001, he was released on parole, thinking that his MRSA was cured.  On March 1, 2012, however, Plaintiff fell unconscious and was rushed to the hospital where he was placed on life support for over two months.  Doctors determined that MRSA was a cause of Plaintiff's medical condition.  During subsequent months, Plaintiff resided at rehabilitation centers with periodic stays in hospitals.  Eventually, state officials sent him to the Duane Waters Health Center, a facility maintained by the Michigan Department of Corrections, and ultimately he went to his present location.

On October 18, 2013, Plaintiff filed his civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the fees and costs for this action.  Plaintiff claims that the defendants willfully concealed facts and knowingly placed him in a contaminated cell where he was exposed to a contagious and life-threatening disease.  According to Plaintiff, the defendants' deliberate indifference to his health, safety, and well-being and their failure to provide him with adequate medical care, was cruel and unusual punishment. Plaintiff states that he continues to suffer from physical pain and mental suffering as a result of his infectious disease.

Plaintiff seeks declaratory judgment that the defendants violated his constitutional rights under the Americans with Disabilities Act and the Eighth and

Fourteenth Amendments to the United States Constitution. He seeks an injunction compelling the defendants to cease from enforcing their policy of deliberate indifference to the serious medical needs of prisoners and to discontinue their policy of withholding critical medical treatment. He seeks money damages from the defendants for their alleged failure to provide him with a safe and sanitary shelter and adequate medical care.

## II. Discussion

### A. The "Three Strikes" Rule

Plaintiff has not paid the filing fee for this action and, as noted above, he seeks to proceed without prepayment of the fees and costs for this action.

A search of federal court records reveals that Plaintiff filed several civil rights cases in this district and in the Western District of Michigan. Under the "three strikes" provision of the Prison Litigation Reform Act of 1995, a prisoner may not proceed without prepayment of the filing fee for a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). An exception to this rule exists when "the prisoner is under imminent danger of serious physical injury." *Id.*

Three of Plaintiff's prior complaints were dismissed for failure to state a claim for which relief may be granted. *See Wilbon v. Thomas, et al.*, No. 2:07-cv-1903 (E.D. Mich. July 23, 2007); *Wilbon v. Baran, et al.,* No. 1:07-cv-00322 (W.D. Mich. July 20, 2007); *Wilbon v. Baran, et al.*, No. 5:02-cv-60158 (E.D. Mich. Aug. 14, 2002). And in

2011, a federal judge in this district informed Plaintiff that he has "three strikes" and could not proceed without prepayment of the fees and costs for a civil action. *See Wilbon v. Ford, et al.*, No. 2:10-14081 (E.D. Mich. Feb. 10, 2011).

Since Plaintiff has "three strikes," the only question is whether he is in imminent danger of serious physical injury, and whether he can proceed without prepayment of the filing fee under the imminent danger exception to the three strikes rule.

### B. Imminent Danger

The United States Court of Appeals for the Sixth Circuit recently explained that

> "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 Fed.Appx. 560, 562 (6th Cir. 2011). As such, a pro se plaintiff is "entitled to have his complaint liberally construed." *Id*. Because the exception constitutes a pleading requirement, a plaintiff "need[ ] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." *Tucker v. Pentrich*, 483 Fed. Appx. 28, 30 (6th Cir. 2012). A plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor*, 508 Fed. Appx. at 492 (internal quotation marks omitted).
>
> In order to allege sufficiently imminent danger, [the Sixth Circuit has] held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also Taylor*, 508 Fed. Appx. at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed. Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, [the Sixth has] explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a

> prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed. Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed. Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc., et al.,* 727 F.3d 580, 585 (6th Cir. 2013).

Plaintiff alleges in his introductory paragraph and in paragraph 38 of his complaint that he is in imminent danger of a life-threatening physical injury. He has not alleged, however, that the defendants withdrew treatment or are currently refusing to treat his medical condition. In fact, he states in paragraph four of the complaint that he is being treated for his chronic medical needs at a medical facility operated by the Michigan Department of Corrections.

Plaintiff complains of past incidents when the defendants allegedly concealed facts, knowingly placed him in a contaminated cell, were deliberately indifferent to a serious medical need, and failed to adequately treat his condition. The assertion that Plaintiff faced danger in the past is insufficient to invoke the exception to the "three strikes" rule, as is his vague and conclusory allegation of imminent danger. *Vandiver*, 727 F.3d at 585. He fails to make specific, credible allegations of imminent danger by showing which defendants are denying him treatment for which ailment on which occasions. *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1179-80 (10th Cir. 2011).

The Michigan Department of Corrections, moreover, is immune from suit, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*), and because Plaintiff is no

longer confined at ARF, it does not appear that any of the individual defendants have any control over Plaintiff's care. As such, Plaintiff fails to satisfy the "imminent danger" requirement. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (rejecting the allegation that the plaintiff was in imminent danger of serious physical injury, because he resided in a Connecticut prison, but his complaint targeted Oklahoma defendants who did not have any control over the plaintiff's current conditions of confinement).

### III. Conclusion

On three prior occasions, federal courts dismissed three of Plaintiff's civil actions for failure to state a claim; and, this complaint fails to allege sufficient facts from which the Court can infer that Plaintiff was in imminent danger of serious physical injury when he filed his complaint. Finally, because his allegation of imminent danger is vague and conclusory, Plaintiff fails to satisfy the exception to the "three strikes" rule. Accordingly, the Court DENIES Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915(g).

This dismissal is without prejudice to the filing of a new complaint with prepayment of the filing fee of $350.00 and an administrative fee of $50.00, for a total of $400.00. If Plaintiff appeals this decision, he may not proceed without prepayment of the appellate filing fee because he had three strikes before he filed his complaint. *Coleman v. Tollefson*, 733 F.3d 175, 178-79 (6th Cir. 2013).

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: November 19, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Louis Anthony Wilbon by electronic means or U.S. Mail on November 19, 2013.

S/Carol A. Pinegar
Deputy Clerk