UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS ANTHONY WILBON,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

Case No: 13-14404
Honorable Victoria A. Roberts

                                                   /

**ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED
COMPLAINT AND SUPPLEMENTAL PLEADING;
CORIZON'S MOTION TO COMPEL IS MOOT**

**I.    Introduction**

Wilbon filed a Motion for Leave to File Amended Complaint and Supplemental Pleading ("Motion to Amend") under Fed.R.Civ.P. 15(a) and (d). Corizon Health Inc. ("Corizon") responded, arguing the proposed amended complaint is futile because it fails to state a claim as a matter of law under 15(a), and because it raises unexhausted claims in violation of the Prison Litigation Reform Act ("PLRA"). Defendants say the Motion to Amend should be denied in its entirety. Defendant MDOC incorporates and adopts by reference the Corizon Defendants' response.

For reasons described below, the Court denies Wilbon's motion with respect to these two defendants. The Court also denies amendment as to the remaining defendants; amendment would be futile for failure to exhaust. Finally, the Court *sua sponte* dismisses the original complaint against all of the remaining defendants without

1

prejudice, for failure to properly exhaust, which is - necessarily - failure to state a claim under 28 U.S.C. §1915(e)(2)(B); the PLRA.

Corizon also filed a Motion to Compel Discovery. It is now **MOOT**.

The relevant background of the case is included in a separate Order issued on March 6, 2015 concerning the Michigan Department of Corrections' Motion to Dismiss and Warden Klee's Motion for Summary Judgment. (Doc. #93)

## II.     Futility of Amendment

### A.     Standard of Review

#### 1.     Leave to Amend under 15(a)

Leave to amend under Fed.R.Civ.P. 15(a) must be freely granted when justice so requires. However, leave to amend can be denied if there is a good reason, such as undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment is futile when the proposed amendment is subject to dismissal under Rule 12(b), that is, when the proposed amendment fails to state a claim upon which relief may be granted." *Carter v. Michigan Dep't of Corr.*, No. 12-12621, 2013 WL 5291567, at *20 (E.D. Mich. Sept. 19, 2013).

#### 2.     Failure to Exhaust Administrative Remedies

A prisoner's failure to exhaust administrative remedies is an affirmative defense; defendant has the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Colvin v. Pederson*, No. 2:13-219, 2014 WL 2616499, at *2 (W.D. Mich. June

12, 2014). Under the PLRA, 42 U.S.C. §1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." To properly exhaust, prisoners must complete the administrative review process in accordance with deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. at 217-18.

The scope of exhaustion is determined by 18 U.S.C.A. § 3626: "the term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." *Id*; see also, *Hartsfield v. Vidor*, 199 F.3d at 308. (citation omitted).

## III. Discussion

### A. Corizon and MDOC

The amended complaint purports to state the following claims: (1) violations of the Eighth and Fourteenth Amendments based on denial of medical care for a chronic heart condition and Methicillin-Resistant Staphylococcus Aureus ("MRSA"); and (2) retaliation under Title V of the American's with Disabilities Act ("ADA"). Additionally, there are vague references to other claims which the Court will address.

#### 1. Eighth Amendment Claims against Corizon Not Allowed for Failure to Exhaust

There are two parts to Wilbon's Eighth Amendment claim. First, the amended complaint says Corizon interfered with and denied medical care for Wilbon's MRSA

infection from April 29, 2011 through October 5, 2011.

Wilbon filed grievance ARF-13-05-1457-28E on May 8, 2013. This grievance alleged negligence and life threatening illness arising out of Wilbon's placement in a cell in 2011 previously occupied by a prisoner infected with MRSA. The grievance says the cell was not cleaned or disinfected. The grievance also alleged illness suffered as a result of Wilbon's hospitalization in March, 2012; Wilbon says this illness was aggravated by MRSA. This grievance was rejected as untimely, a finding upheld at Step III.

MDOC has a three step process by which inmates may file grievances. If unable to informally resolve an issue with staff, an inmate has five days to file a Step I grievance. MDOC Grievance Procedure, Policy 03.02.130(V). If dissatisfied with the response received, a prisoner may file a Step II and Step III response. *Id.* at 03.02.130 (V)(BB) and (FF).

A grievance may be rejected for several reasons. Grievances are rejected if they are vague, illegible, contain multiple unrelated issues, or raise the same issues as other grievances. *Id.* at (G)(1). Proper exhaustion means compliance with an agency's deadlines and other procedural rules. *Scott v. Ambani,* 577 F.3d 642, 647 (6th Cir.2009). ". . . [A] prisoner cannot properly exhaust 'by filing an untimely or otherwise procedurally defective administrative grievance.'" *Rodriguez v. Stevie*, No. 11-515, 2013 WL 1194720, at *1 (W.D. Mich. Mar. 22, 2013) quoting *Scott v. Ambani,* 577 F.3d at 647.

Wilbon filed grievance ARF-13-05-1457-28E on May 8, 2013. It was rejected as untimely. The Court finds Wilbon failed to timely exhaust his administrative remedies in

relation to being placed in a contaminated cell in 2011 and his subsequent hospitalization in 2012.

Second, the proposed amended complaint alleges an Eighth Amendment violation based on Corizon's failure to provide medical care related to a chronic heart condition, including failure to provide a heart loop implant monitor.

Corizon says allegations regarding treatment for Wilbon's heart condition were never grieved or exhausted. Indeed, none of the grievances filed prior to the lawsuit refers to Wilbon's heart condition. Specifically, ARF 2013 05 1457 28E relates to the 2011 MRSA infection. RGC 13 04 0443 12F concerns inadequate medical treatment relating to Wilbon's diabetes. It mentions that Wilbon has "numerous other health issues" including "heart problems," but the grievance is for diabetes; not the heart condition.

A third grievance filed before the lawsuit was filed is RGC 13 04 0434 28C. This grievance alleges a conspiracy between various parties relating to deprivation of civil rights. It does not mention a heart condition.

The remaining grievances were filed after the lawsuit began. A prisoner may not exhaust administrative remedies while a federal suit is pending. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Corizon meets its burden and shows with sufficient particularity that Wilbon failed to exhaust his administrative remedies with respect to his entire Eighth Amendment claim. For that reason, Wilbon's motion to amend his complaint with respect to the Eighth Amendment claim against Corizon is **DENIED** without prejudice.

The same analysis applies to MDOC; to the extent Wilbon's proposed

amendment purports to state an Eighth Amendment claim against MDOC, it is **DENIED** without prejudice.

### 2. Retaliation under Title V of the ADA against Corizon and MDOC

The amended complaint attempts to add a retaliation claim under Title V of the ADA against Corizon and MDOC.

The ADA says: "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]." 42 U.S.C. 12203(a).

To state an actionable claim for retaliation under Title V of the ADA, Wilbon must establish: (1) he engaged in protected activity, (2) defendant took adverse action against him, and (3) a causal connection between the protected activity and the adverse action. *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997); *Bain v. Gorczyk*, No. 07-116, 2010 WL 5538411, at *5 (D. Vt. Dec. 3, 2010) (citation omitted).

Wilbon says he has experienced retaliation by Corizon since the Court reopened his case. Wilbon says Corizon removed necessary medical devices, took his wheelchair and leg braces for no reason, removed supplemental oxygen, discontinued physician ordered physical therapy, discontinued critical heart medications, postponed surgery to lift his eye lid, took his typewriter and television, and transferred him from a medical facility to a correctional facility.

These defendants say one grievance vaguely addresses retaliation - RGC 2014 03 0307 12E, but it only involves the conduct of Nurse Manager M. Collard.

The retaliation claim alleges conduct since the case was re-opened. Wilbon

cannot exhaust while suit is pending. *Freeman v. Francis*, 196 F.3d at 645; *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (district court did not abuse discretion when it denied motion to supplement complaint as to a First Amendment retaliation claim when prisoner filed new administrative grievance only after commencing the lawsuit).

Wilbon's motion to amend his complaint to add a Retaliation claim under Title V of the ADA against Corizon and MDOC is **DENIED** without prejudice.

### 3. Equal Protection Claim

Wilbon appears to allege an equal protection claim. Corizon and MDOC say Wilbon's allegations are too vague to state a claim as a matter of law. The Court agrees; Wilbon fails to provide factual support for the elements of this claim.

An equal protection claim must assert that the plaintiff suffered intentional discrimination based on his membership in a protected class. *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000). "To state an equal protection claim in the prison context, 'a plaintiff must allege he was treated differently than other similarly situated prisoners.'" *Lee v. Pauldine*, No. 12-077, 2013 WL 65111, at *6 (S.D. Ohio Jan. 4, 2013) (citations omitted).

Wilbon makes no allegations that permit an inference that defendants intentionally discriminated against him because of his disability. A conclusory allegation of discrimination without factual support is insufficient to state an equal protection claim. It is also not clear which defendants this claim is asserted against. Wilbon's amended complaint says this claim is against "Defendants Michigan Department of Corrections, by and through [its] officials, agents, and employees." The Court agrees that this is too

vague to state a claim.

Wilbon's request to supplement his complaint by adding an equal protection claim is **DENIED** with prejudice.

### 4. Title II of the ADA against Corizon and MDOC

In its Order granting MDOC's Motion to Dismiss and Klee's Motion for Summary Judgment, the Court dismissed the Title II claim against Warden Klee and MDOC for failure to state a claim.

Wilbon's Motion to Amend presents no reason why this claim should survive against MDOC. Corizon did not file a motion on the Title II claim, but argues in its response that the proposed amendment fails: (1) as a matter of law; and (2) because Wilbon has not exhausted.

The same reasons the Court relied upon to dismiss the ADA Title II claim against MDOC apply with equal force with respect to Corizon; Wilbon has not alleged sufficient facts to state a claim. (See Order, Doc. #93 Section IV.A.2.).

Wilbon's motion to amend his complaint with respect to Title II of the ADA against Corizon and MDOC is **DENIED** with prejudice.

### 5. State Negligence Claim against MDOC

In his motion, Wilbon says he seeks to add a state negligence claim against MDOC. However, no cause of action for negligence is stated in the amended complaint. The Court declines to construe the complaint so liberally so as to include a claim not set out in the complaint but only argued in a motion.

### 6. Additional Issues

Wilbon seeks leave to amend the name of defendant "Corizen Corp" to "Corizon Health, Inc." This request is moot because claims against Corizon are dismissed. Additionally, Wilbon's request to change the name of defendant "Corizen Corp" to "Corizon Health, Inc." was previously allowed in an Order dated March 12, 2014.

The amended complaint alleges Corizon is liable for the actions of its employees, agents, and officials. Corizon says any claim premised on *respondeat superior* is improper. Corizon is correct: it is well settled that a plaintiff may not bring an action under §1983 based on a theory of *respondeat superior* or vicarious liability. *Moses v. Prison Health Servs., Inc.*, No. 09-236, 2011 WL 1044914, at *3 (W.D. Mich. Mar. 16, 2011), citing, *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Instead, a plaintiff suing a private or public corporation under §1983 must establish that a policy or custom caused the alleged injury. *Id.* In the context of an alleged Eighth Amendment violation, liability must also be premised on a policy that caused the deprivation of an Eighth Amendment right. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (unpublished opinion).

To the extent that Wilbon attempts to add a §1983 claim against Corizon and MDOC on a *respondeat superior* theory, it is **DENIED** with prejudice.

### B. Individual Defendants

#### 1. Klee

Wilbon seeks leave of the Court to amend the Complaint to change the name of defendant "Warden Klee" to "Paul Klee." This request is **MOOT**; Klee is dismissed from the case through the Court's Order granting Klee's Motion for Summary Judgment.

9

(Doc. #_ ). Further, the Court declines to consider a state negligence claim against Klee.

### 2. Remaining Individual Defendants

There are several individual defendants remaining. The amended complaint seeks to: (1) identify two previously unidentified defendants; (2) add additional facts regarding claims brought under Title II of the ADA and the Eighth and Fourteenth Amendments; and (3) add a state negligence claim. Not all of the above claims are alleged against all remaining defendants.

#### a. Futility for Failure to Exhaust

Based on the submissions of Corizon and MDOC, it appears that Wilbon failed to exhaust with respect to all of these defendants. Wilbon's allegations all arise from negligence, denial of medical care and discrimination based on his placement in a cell previously occupied by a prisoner who had MRSA. Wilbon was required to grieve all of these claims before filing suit. He did not.

*Sua Sponte* dismissal is appropriate when a complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also, *Thatcher v. Brunsman,* No. 13-164, 2013 WL 1500122, at *11 (S.D. Ohio Apr. 10, 2013) report and recommendation adopted, No. 13-164, 2013 WL 3148264 (S.D. Ohio June 19, 2013) (*sua sponte* dismissal for failure to state a claim is appropriate on initial review of the complaint where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure).

Because the Court has authority to *sua sponte* dismiss unexhausted claims, the

Court declines to allow Wilbon to amend his complaint to add unexhausted claims.

### b. Dismissal of Original Complaint Without Prejudice

The remaining issue with respect to the other defendants is the original complaint. The Court concludes dismissal of the complaint is warranted under 28 U.S.C. §1915(e)(2)(B), without prejudice. Wilbon failed to state a claim upon which relief can be granted because he did not properly exhaust administrative remedies.

### C. Otherwise Futile Under 15(a)

Aside from Wilbon's failure to exhaust - which is fatal to his attempt to amend - Corizon and MDOC say allowing amendment with respect to them and the other defendants would be futile under 15(a) because the proposed amendment fails to otherwise state a claim upon which relief can be granted.

A proposed amendment is futile if it would be subject to dismissal under Rule 12(b) for failure to state a claim upon which relief may be granted.

The Court considered the merits of the claims brought by Wilbon in its prior Order and has disposed of claims on the merits against MDOC.  These proposed amendments to the claims against MDOC add nothing and would be futile.

However, the Court has not considered the claims against Corizon or the other defendants on the merits and declines to do so now; no motion for consideration on the merits was filed by Corizon or these other defendants.

### IV. Corizon's Motion to Compel Discovery

Corizon filed a Motion to Compel under Fed.R.Civ.P. 37, requesting access to Wilbon's medical records from April 1, 2011 until the present.  No claims remain in the

11

case. No discovery can be conducted.

The Motion to Compel Discovery is **MOOT**.

**V.     Conclusion**

1.    Wilbon's Motion for Leave to File Amended Complaint and Supplemental Pleading is **DENIED**.

2.    Corizon's Motion to Compel Discovery is **MOOT**.

**IT IS ORDERED**.

       /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 6, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Louis Anthony Wilbon by electronic means or U.S. Mail on March 6, 2015.

s/Linda Vertriest
Deputy Clerk

---